

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 26, 2019

Arthur J. O'Donald, III
O'Donald Law Offices
1859 Northampton Street
Holyoke, Massachusetts 01040

    Re:   United States v. John Pereira,
             Criminal No. 19-30011-MGM

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16(a)(1)(A) & (a)(1)(B)</u>

    a.    <u>Written Statements</u>

    There are no relevant written statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    <u>Recorded Statements</u>

    Recordings were made of telephone conversations involving the defendant. These recordings will be available for your review and copies will be provided upon receipt of the recordings by this office.

    c.    <u>Grand Jury Testimony of the Defendant</u>

    The defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(D)</u>

The government is unaware at this time of any prior criminal record of the defendant.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(E)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

Enclosed are reports of analysis of marijuana seized from the defendant's home (Bates numbers USA001333-1415).

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

On February 8, 2019, search warrants were executed at 4 Princeton Street, East Longmeadow, MA (Bates numbers USA001239-001276) and 54 Turnbull Street, Springfield, MA (Bates numbers USA001277-001300).  A copy of each search warrant, application, and affidavit is enclosed at the Bates numbers listed.

Search warrants for information regarding the location of certain cellular telephones were executed on January 4, 2019 (Bates numbers USA001186-001199 and USA001200-001217) and January 22, 2019 (Bates numbers USA001218-001237).   A copy of each search warrant, application, and affidavit is enclosed at the Bates numbers listed.

Search warrants were executed for location information of a particular motor vehicle on December 19, 2018 (Bates numbers USA00046- 00089) and January 31, 2019 (Bates numbers USA00001- 00045).  A copy of each search warrant, application, and affidavit is enclosed at the Bates numbers listed.

Bates numbers USA00014, USA00035, USA00059, USA00077, USA00080, and USA00081 contain redactions, the government declines to provide this information at this time pursuant to Local Rule 116.6 because such information is protected by the "informant privilege" and because such information relates to an on-going investigation.

C.        <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

Wire and electronic communications, as defined in 18 U.S.C. § 2510, of the defendant were intercepted pursuant to court-authorized electronic surveillance. These interceptions, however, do not relate to the charge in the indictment.

The government does not intend to offer communications of the defendant intercepted pursuant to this order as evidence in its case-in-chief.

D.        <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.        <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F.        <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a display of an image of the defendant. A copy of the image used in or memorializing the identification procedure is enclosed (Bates number USA001323).

G.        <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.        The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.        The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.        No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4.        The government is unaware that any of its named case-in-chief witnesses have a criminal record.

     5.     The government is unaware that any of its named case-in-chief witnesses have any criminal cases pending.

     6.     No named percipient witness(es) failed to make a positive identification of a defendant with respect to the crime(s) at issue.

H.     <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the affidavit filed in support of the criminal complaint in this case and in the indictment in this case a copy of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at 413-785-0398 if you have any questions.

                      Very truly yours,

                      ANDREW E. LELLING
                      United States Attorney

By:    <u>*/s/ Neil L. Desroches*</u>
        NEIL L. DESROCHES
        Assistant U.S. Attorney

enclosure(s)

cc:    Melissa Calderon
       Clerk to the Honorable Katherine A. Robertson
       (w/o enclosures)