UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:19-CR-30011-MGM |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JOHN AMERICO PEREIRA | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION FOR AN ORDER ENJOINING THE FEDERAL BUREAU OF INVESTIGATION FROM CONTACT WITH DEFENDANT" (DKT. NO. 36)**

The United States of America, by Andrew E. Lelling, United States Attorney for the District of Massachusetts, through the undersigned Assistant United States Attorney, hereby request this Court to deny the Defendant's "Motion for an Order Enjoining the Federal Bureau of Investigation from Contact with Defendant."  In support of this request, the government asserts that the Defendant's request is unreasonable and unsupported by law.

The defendant asks this Court to order agents of the Federal Bureau of Investigation to "avoid direct and/or indirect contact with him as well as refraining from visiting his home at 4 Princeton Street, East Longmeadow, Massachusetts."  (Dkt. no. 36 at 3).  In doing so, however, the defendant: 1) asks this Court to violate separation-of-powers constraints; 2) fails to cite any authority to support his request; 3) makes no showing that agents initiated contact with the defendant, and; 4) offers only a representation that the defendant and his family "are concerned about […] baseless allegations" as a justification to preclude agents of the Federal Bureau of Investigation from carrying out their duty to investigate what they believe to be criminal activity.

The Constitution creates three branches of Government and vests each branch with a

1

different type of power. "To the legislative department has been committed the duty of making laws; to the executive the duty of executing them; and to the judiciary the duty of interpreting and applying them in cases properly brought before the courts." *Massachusetts v. Mellon,* 262 U.S. 447, 488. Each branch "exercise[s] ... the powers appropriate to its own department," and no branch can "encroach upon the powers confided to the others." *Kilbourn v. Thompson,* 103 U.S. 168, 191, 26 L.Ed. 377 (1881). This system prevents "'[t]he accumulation of all powers, legislative, executive, and judiciary, in the same hands,'—an accumulation that would pose an inherent 'threat to liberty.' *Patchak v. Zinke*, 138 S. Ct. 897, 904–05 (2018) (internal citations omitted). The First Circuit "has been mindful of these separation of powers constraints" and has rejected federal courts "use of their inherent supervisory authority to" influence prosecutions and investigations in the past. *In re U.S.*, 441 F.3d 44, 58 (1st Cir. 2006); *see United States v. Silva–Rosa*, 275 F.3d 18, 21–22 (1st Cir.2001); *see also In re Grand Jury Subpoena of Rochon*, 873 F.2d at 174–76 (1989).

  The defendant's request, if allowed, would result in an order from the Judicial Branch that precludes the Executive Branch from conducting an investigation - or in other words, executing the law – because such an order would prohibit agents from using lawful techniques to investigate crime. Despite the fact that the defendant is making this drastic request of the Court to violate the separation of powers, he cites no support in law and bases it on one instance when agents spoke with the defendant's girlfriend. During that time, agents made no effort to contact the defendant himself and did not threaten the defendant's girlfriend or any member of the defendant's family. As a result, the defendant does not even claim that his Constitutional rights were violated.

  Certainly, the defendant enjoys protection against agents contacting him about the matter currently under indictment because he is represented in this matter by counsel. However, this protection does not prohibit agents from further investigating criminal activity or speaking to

individuals known by the defendant.

Because the defendant's motion fails to raise any viable legal argument and requests a remedy that would violate the Constitution, the government asks this Court to deny his motion without a hearing.

                                             Respectfully submitted,

                                             ANDREW E. LELLING
                                             UNITED STATES ATTORNEY

                           By:    */s/ Neil L. Desroches*
                                           NEIL L. DESROCHES
                                           Assistant United States Attorney
                                           300 State Street, Suite 230
                                           Springfield, MA 01105
                                           413-785-0398
                                           neil.desroches@usdoj.gov

Dated: July 25, 2019

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

By: */s/ Neil L. Desroches*
Neil L. Desroches
Assistant U.S. Attorney

Dated: July 25, 2019